IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN FRED HOWARD, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-02199-JTF-cgc |
| | ) | |
| WARDEN TAMMY FORD, | ) | |
| | ) | |
| Respondent. | ) | |

---

REPORT AND RECOMMENDATION ON APPOINTMENT OF COUNSEL AND
PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*

---

On April 1, 2013, Petitioner, John Fred Howard, through his attorney, Robert Brooks, filed a Petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (ECF No. 1). By order of October 13, 2015, the Court granted Attorney Brooks' motion to withdraw and referred this matter to the undersigned for report and recommendation as to whether the Court should appoint substitute counsel pursuant to 18 U.S.C. § 3006A. (ECF No. 7.) In support of his claim that he cannot afford counsel, Petitioner filed a motion to proceed *in forma pauperis*, along with a copy of his trust fund account statement. (ECF No. 8.) For the reasons set forth below, the undersigned RECOMMENDS that the Court deny appointment of substitute counsel and deny Petitioner's motion for leave to proceed *in forma pauperis*.

A petitioner in a federal habeas corpus proceeding has no Sixth Amendment right to counsel. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). Nevertheless, appointment of

1

counsel for an indigent petitioner is mandatory under applicable rule "[i]f an evidentiary hearing is warranted." Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Appointment of counsel in a federal habeas proceeding is also "required . . . where the interests of justice or due process so require," but the decision is left to the sound discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citing 18 U.S.C. § 3006(A)(g); *see also* 18 U.S. C. § (a)(2)(B) (where the court determines "that the interests of justice so require, representation may be provided for any financially eligible person who-... (B) is seeking relief under section ... 2254 ... of title 28"). Factors to be considered by the court in determining whether the interests of justice or due process require the appointment of counsel include the legal and factual complexity of the case and the petitioner's "'ability to investigate and present his claims.'" *Thomas v. Morgan*, No. 2:04-cv-02231-JDB-dbv, 2016 WL 1030153, at *6 (W.D. Tenn. Mar. 10, 2016) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

Here, even assuming that Petitioner's *in forma pauperis* motion shows that he is indigent (he has a balance in his account approaching $500 and receives monthly gifts of money), appointment of counsel does not appear to be warranted, at least at this early stage of the litigation. Respondent has not yet filed its response to the petition and nothing on the face of the petition suggests that an evidentiary hearing will be needed. Moreover, the legal issues do not appear to be too complex for Petitioner, who was initially represented by counsel in the investigation of his claims and the preparation of his petition.

For these reasons, the undersigned RECOMMENDS that the Court deny appointment of counsel and Petitioner's motion for leave to proceed *in forma pauperis*.

Signed this 5th day of August, 2016.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**