**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN FRED HOWARD,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| **v.** | ) | No. 2:13-cv-02199-JTF-cgc |
| | ) | |
| **TAMMY FORD, WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION AND**
**DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND**
**MOTION TO PROCEED *IN FORMA PAUPERIS***

On April 1, 2013, Petitioner, John Fred Howard, a prisoner incarcerated at Whiteville Correctional Facility filed a *pro se* habeas petition under 28 U.S.C. § 2254. (ECF No. 1). Before the Court is Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs filed on December 9, 2015. (ECF No. 8). Petitioner also submitted a handwritten letter in which he also requested the appointment of CJA counsel pursuant to 18 U.S.C. § 3006A. (ECF No. 8-2). On October 13, 2015, the undersigned Court granted Counsel's Motion to Withdraw and referred the matter to the United States Magistrate Judge for report and recommendation. (ECF No. 7). On August 5, 2016, the Magistrate Judge issued her report and recommendation, ECF No. 10, to which the Defendant filed objections on August 24, 2016. (ECF No. 11).

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action 1) is frivolous or malicious; 2) fails to state a claim on which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e) (2).

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir, 2001), citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989); see also *Baker v. Peterson*, 67 Fed. App'x. 308, 310 (6th Cir. 2003). "A district judge must determine *de* novo any part of a magistrate judge's disposition that has been properly objected to." The court normally applies a "clearly erroneous" or "contrary to law" standard of review for non-dispositive preliminary measures. *Id*.

The Magistrate Judge has reviewed the Petitioner's trust fund account statement. She noted that the balance in his account was almost $500 and that he receives monthly monetary gifts. (ECF No. 10). The Magistrate Judge also indicated that the legal issues do not appear complex, the Respondent has not yet filed a response, and an evidentiary hearing may not be needed. Therefore, the Magistrate Judge recommended that the Court deny Petitioner's motion for appointment of counsel and motion for leave to proceed *in forma pauperis*.

The undersigned Court has also reviewed the Petitioner's *in forma pauperis* application, the § 2254 petition, the request for appointed counsel as well as his objections. The trust fund account statement and affidavit from the prison official shows the balances in Petitioner's account ranged from $418.06 to $650.20 and averaged $439.62 during the past six months. (ECF No. 8-1,

pp. 1-5). The grounds raised in his § 2254 petition are not complex. Petitioner objects to the Magistrate Judge's report and recommendation, asserting that the issues are complex, that he may be denied due process based on his inability to investigate and present his claims, and finally that an evidentiary hearing "may be warranted" wherein witnesses will be subpoenaed and called to testify. (ECF No. 11). The Court will appoint counsel if an evidentiary hearing is deemed necessary.[1] *Thomas v. Morgan*, No. 2:04-2231-JDB-dkv, 2016 WL 1030153 at *6 (W.D. Tenn. March 10, 2016). At this time, the objections raised to the recommendation to deny him appointed counsel are merely speculative and are therefore **Overruled.**

The Court has reviewed the Magistrate Judge's report and recommendation, finding no clear error. Accordingly, the Court adopts the Magistrate Judge's report and recommendation and finds that Petitioner's motion to proceed *in forma pauperis* and motion for appointment of counsel are Denied. (ECF No. 8).

Accordingly, Petitioner is ORDERED to pay the $5.00 habeas filing fee within thirty (30) days after the date of this order. Failure to comply will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

**IT IS SO ORDERED** on this 25th day of August, 2016.


*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

1 The decision to grant an evidentiary hearing is left to the Court's discretion. *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007).